IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEVADA ex rel. MICHAEL D. KHOURY, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC. d/b/a INTERMOUNTAIN HEALTHCARE; IHC HEALTH SERVICES, INC.; MOUNTAIN WEST ANESTHESIA, LLC; DAVID A. DEBENHAM, M.D.; ERIC A. EVANS, M.D.; JOSHUA J. LARSON, M.D.; JOHN E. MINER, M.D.; TYLER W. NELSON, M.D.; and DOE ANESTHESIOLOGISTS 1 through 150,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00372-TC-CMR<br><br>District Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

After the court dismissed most of the claims in Plaintiff–Relator Michael D. Khoury's amended complaint, (ECF No. 89), the remaining Defendants[1] moved to certify the court's memorandum decision and order for interlocutory appeal. (ECF No. 90.) Dr. Khoury opposes an interlocutory appeal. (ECF No. 95.) For the following reasons, the court DENIES the Defendants' motion.

## BACKGROUND

In its order denying in part the Defendants' motion to dismiss, the court found that medical services are "reasonable and necessary" under 42 U.S.C. § 1395y(a)(1)(A) if the services are "[f]urnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the patient's condition." (Mem. Decision & Order at 16, ECF No. 89.)

---

[1] Mountain West Anesthesia, LLC and Drs. David A. Debenham, Eric A. Evans, Joshua J. Larson, John E. Miner, and Tyler W. Nelson.

The court based its conclusion on the Tenth Circuit's recent decision in <u>United States ex rel. Polukoff v. St. Mark's Hospital</u>, 895 F.3d 730 (10th Cir. 2018).  The <u>Polukoff</u> court issued a "broad" holding.  <u>Id.</u> at 743.

Now the Defendants want the Tenth Circuit to weigh in on whether <u>Polukoff</u> means what it says.  They argue that what <u>Polukoff</u> called a holding was really dictum.  (Motion at 6, ECF No. 90.)  They also claim that since <u>Polukoff</u> was decided, the United States Supreme Court held that interpretive agency guidance cannot bind providers.  <u>See</u> <u>Azar v. Allina Health Servs.</u>, 139 S. Ct. 1804, 1810, 1816–17 (2019).  In their words, the Tenth Circuit needs to clarify whether § 1395y "incorporates *performance*-based standards of care."  (Motion at 1, ECF No. 90.)

## **LEGAL STANDARD**

Most district-court orders are interlocutory and thus are not immediately appealable.  But when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the court can certify the order as appealable.  28 U.S.C. § 1292(b).  Even if the order was initially silent about appealability, the court can later certify its order by amending it.  Fed. R. App. P. 5(a).  The court of appeals ultimately decides whether to permit the appeal.  <u>Id.</u>

First, a controlling question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  <u>Ahrenholz v. Bd. of Trustees of Univ. of Ill.</u>, 219 F.3d 674, 676 (7th Cir. 2000).  Second, substantial ground for difference of opinion exists

> if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated

> questions arise under foreign law, or if novel and difficult questions of first impression are presented.

XTO Energy, Inc. v. ATD, LLC, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016) (citing 2 Fed. Proc., L. Ed. § 3:218 (footnotes omitted)). And third, for an immediate appeal to materially advance the ultimate termination of the litigation, it must "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." Id. at 1195 (quoting Coates v. Brazoria County, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013). Even if all three § 1292(b) elements are met, the court still has discretion to deny certification. In re Roman Cath. Diocese of Albany, N.Y., Inc., 745 F.3d 30, 36 (2d Cir. 2014).

## ANALYSIS

The Defendants have established that the first and third elements of § 1292(b) are met. This statutory interpretation question is a classic question of law, and it is controlling here: Dr. Khoury's amended complaint is hanging on by the single thread of Polukoff legal falsity. And were the Tenth Circuit to vacate this part of the court's order, the litigation would effectively end.[2]

But the Defendants have failed to show that this question presents substantial ground for difference of opinion. The court's ruling was not "contrary to the rulings of all courts of appeals which have reached the issue," nor did it involve a "difficult question[] of first impression,"[3] nor had the Tenth Circuit neglected to weigh in. See XTO Energy, 189 F. Supp. 3d at 1194. "If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion

---

[2] Dr. Khoury contends that he could simply amend his complaint to assert a new falsity claim under 42 U.S.C. § 1320c-5(a)(2). Perhaps he could. But at a minimum, appellate review could "eliminate [the Polukoff] issue[]," which would "make discovery easier and less costly." XTO Energy, 189 F. Supp. 3d at 1195.

[3] Even if the court's order involved a difficult question of first impression, that "does not present substantial ground for difference of opinion." Dorato v. Smith, 163 F. Supp. 3d 837, 880 (D.N.M. 2015) (citing Krangel v. Gen. Dynamics Corp., 968 F.2d 914, 916 (9th Cir. 1992)).

3

exists[,] and there is no reason for an immediate appeal." Brown v. Mesirow Stein Real Est., Inc., 7 F. Supp. 2d 1004, 1008 (N.D. Ill. 1998). Polukoff is clear, and the court saw no occasion to depart from it.

The Defendants may be right about Polukoff's scope after Allina, but this does not create substantial ground for difference of opinion. Polukoff still says what it says. The Defendants remain free to raise these arguments at the appropriate time: after the court enters final judgment here.[4]

## CONCLUSION

The Defendants' motion is DENIED. The Defendants' answer(s) to Dr. Khoury's amended complaint shall be due seven days from the date of this order.

DATED this 11th day of March, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[4] Even if the court found that there is substantial ground for difference of opinion, its ruling would not change. As Dr. Khoury points out, he could ask the Tenth Circuit to review the rest of the court's order. This is because "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." BP P.L.C. v. Mayor & City Council of Balt., 141 S. Ct. 1532, 1540 (2021) (quoting Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996)). And appellate review of the entire order would be premature.