IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF NEVADA *ex rel.* MICHAEL D. KHOURY, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNTAIN WEST ANESTHESIA, LLC; DAVID A. DEBENHAM, M.D.; ERIC A. EVANS, M.D.; JOSHUA J. LARSON, M.D.; JOHN E. MINER, M.D.; TYLER W. NELSON, M.D.; and DOE ANESTHESIOLOGISTS 1 through 150,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [125] MOTION TO EXTEND DISCOVERY & GRANTING IN PART [132] MOTION TO COMPEL DISCOVERY RESPONSES RE USE OF PERSONAL ELECTRONIC DEVICES<br><br>Case No. 2:20-cv-00372-TC-CMR<br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff–Relator Dr. Michael Khoury's (Relator or Plaintiff) Second Motion to Extend Fact Discovery (Motion for Extension) (ECF 125) and Short Form Motion to Compel Discovery Responses (Motion to Compel) (ECF 132) (collectively, the Motions) regarding Data from Personal Electronic Devices (PEDs). Having considered the relevant Response briefs (ECF 127; ECF 136) and the Reply to the Motion for Extension (ECF 129), along with the oral argument presented by both parties at the hearing on August 18, 2023 (the Hearing) (ECF 146), the court GRANTS the Motion for Extension and GRANTS IN PART the Motion to Compel for the reasons stated below.

I.       BACKGROUND

On January 28, 2022, the court issued a Memorandum Decision and Order (the January Order) (ECF 89) on Defendants David A. Debenham, Eric A. Evans, Joshua J. Larson, John E. Miner, Mountain West Anesthesia, Tyler W. Nelson's (collectively, Defendants) Motion to

1

Dismiss (ECF 64). In the January Order, the court ruled that Plaintiff's first, second, and fifth claims of the Amended Complaint alleged against Defendants survived in part as to the "legal falsity [theory] under the 'reasonable and necessary' standard" (ECF 89 at 28). Since then, the parties have had a duty to collectively conduct discovery regarding the surviving claims.

As explained by the court in the January Order, this suit comes under the False Claims Act and asserts that Defendants have "submitted false claims for reimbursement to several federal healthcare programs" (ECF 89 at 1). Plaintiff argues some of Defendants' reimbursement claims are false because Defendants, through their use of their PEDs during surgery, "failed to adequately monitor their patients, but they billed the government as if they had monitored them" (*id.* at 8). As to the surviving first and second claims, the January Order stated that Relator had adequately pled claims alleging "Defendants submitted claims that were not 'reasonable and necessary' under 42 U.S.C. § 1395y(a)(1)(A)" (*id.* at 22). 42 U.S.C. § 1395y(a)(1)(A) states that the government will only pay for medical services that are "reasonable and necessary for the diagnosis or treatment of illness or injury." As to the fifth claim brought under the Nevada False Claims Act, the January Order explained this claim survived because the pertinent state statute mirrored the federal one in the first and second claims (*id.* at 26–27).

Turning to the two pending Motions, at issue is the alleged refusal of Defendants to produce documents for several Requests for Production (RFPs) and a request for an extension of fact discovery for six months so that Plaintiff can meaningfully review any newly produced PED data (ECF 132 at 3; ECF 125 at 10). As to the Motion to Compel, RFP Nos. 3–6 in Exhibit 1 of the Motion and Nos. 32–33 in Exhibit 2 of the Motion were initially at dispute (ECF 132 at 3). However, this request was later narrowed to RFP Nos. 31 and 33. The Motion for Extension relates to PED data Plaintiff seeks and a production of data by Defendants in April of 2023 that included

approximately 14,000 printed pages that could not be easily sorted or manipulated. Relator argues he cannot "meaningfully advance discovery" until he can analyze the data (ECF 125 at 10).

Defendants vehemently oppose the two Motions for similar and interrelated reasons. Regarding the Motion for Extension, Defendants argue the Motion should be denied because "the Centers for Medicare and Medicaid Services (CMS), the federal government agency responsible for overseeing the Medicare and Medicaid programs, has recently categorically *rejected* Relator's only remaining liability theory" in a Rule 30(b)(6) deposition (ECF 127 at 2) making it so no amount of discovery would overcome the professed testimony (*id.* at 10). Because of this, Defendants argue that Defendants should not be "forced to continue bearing the considerable burdens associated" with discovery (*id.* at 9). Defendants have also moved for summary judgment (ECF 126) and argue that the Motion for Extension is improper because Relator should be moving under Rule 56(d) of Federal Rules Civil Procedure as opposed to Rule 16(b)(4).[1]

As to the Motion to Compel, Defendants argue the Motion should be denied because it is untimely, improperly argued, improperly filed, inaccurate, and futile (ECF 136 at 2–3).

## II.   LEGAL STANDARDS

The Motion for Extension was filed on May 26, 2023 (ECF 125). According to the scheduling order currently in effect, fact discovery closed on June 15, 2023 (ECF 121 at 2). As such, the court looks to the good cause standard as it considers this Motion. Under that standard, the court may extend the time of an act that "may or must be done within a specified time" upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). "This rule should be liberally construed to advance the goal of trying each case on the merits." *Vilela v. Off. of Recovery Servs.*, No.

---

[1] Although not in front of this court, or relevant to the disposition of the present Motions, the court notes the Plaintiff did make a Rule 56(d) request, albeit in the response to (ECF 147 at 39) Defendants' Motion for Summary Judgment (ECF 126).

222CV00699DBBDBP, 2023 WL 130502, at *3 (D. Utah Jan. 9, 2023) (quoting *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016)).

Federal Rule of Civil Procedure 26 governs the Motion to Compel. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Finneman v. Delta Airlines, Inc.*, No. 2:19-cv-00327-HCN-CMR, 2021 WL 2905628, at *1 (D. Utah Mar. 11, 2021) (quoting *Dutcher v. Bold Films LP*, No. 2:15-cv-110-DB-PMW, 2017 WL 1901418, at *1 (D. Utah May 8, 2017)).

### III.　ANALYSIS

#### a. Motion for Extension

The court first addresses Defendants' repeated argument that they should not have to engage in discovery because of their belief that they will overcome liability (ECF 127 at 2). This is not the first time Defendants have made this argument. Previously, regarding a motion to compel on a different request for production, Defendants essentially asked the court for a stay of discovery to explore what they thought would be a dispositive defense from CMS testimony (ECF 115 at 4). The court expressly rejected this argument, stating CMS's testimony is a defense that should be "presented at the summary judgment phase, not at the discovery phase" (*id.*). This defense has now been presented in Defendants' Motion for Summary Judgment (ECF 126 at 30). But this does not in itself absolve Defendants of any responsibilities as to their ongoing discovery obligations or prior court orders. While Defendants feel strongly about the strength of their argument, they are not permitted to ignore their remaining obligations in the case without a court order staying

discovery, which has not been sought by Defendants on this issue. By refusing to engage in discovery because they believe a witness's testimony is dispositive, Defendants attempt to impose their own judgment on the merits of this case. The court has already rejected this argument and issued an order for Defendants to produce responsive documents on a different request (ECF 115 at 4–5). While Defendants have made some efforts to comply with discovery obligations, as explained below, they have only done so partially and in an ineffective, unhelpful manner.

Defendants' Response to the Motion for Extension also incorrectly argues that Relator had to move under Federal Rule of Civil Procedure 56(d) to "explain why he cannot present facts essential to justify his opposition to the motion for summary judgment" and cite to *Wilcox v. Career Step, LLC*, 2012 WL 5997201, at *2 (D. Utah Nov. 30, 2012) and *Advantageous Cmty. Servs., LLC v. King*, 844 F. App'x 58, 64 (10th Cir. 2021) in support (ECF 127 at 8–10). This argument is unpersuasive, and the cases cited are inapposite to Relator's request. Relator's Motion before this court does not revolve around needing additional facts essential to justify his opposition to the Motion for Summary Judgment, but instead having more "time to fully digest, analyze, and summarize" PED data to then be able to take the necessary depositions to present their case (ECF 125 at 10). In fact, Relator was able to respond to Defendants' Motion for Summary Judgment without this additional discovery (ECF 147) and the matter has now been heard (ECF 162).

Having rejected Defendants' arguments, the court looks at Relator's reasons for the extension under the good cause standard. Central to this request is Defendants' production of pertinent PED data in late April. Relator proffered at the Hearing that Defendants had agreed to produce the relevant PED data early this year, then in February Relator reached out about the production, and Defendants agreed to do a rolling production. Relator had not received anything in March so Relator reached out regarding the rolling production again. In April, Defendants

5

produced and delivered 14,000 *physical* pages of data to Relator. Defendants maintained that they had objected to Relator's request, that those objections had not been withdrawn, and that the April production was made according to their objections. When asked why the data was not produced in a searchable electronic format as was requested, Defendants broadly cited to the burden, relevance, and the personal and private nature of the data coming from the physicians' personal cell phones. Frankly it is not clear why the data could not have been produced in an easily accessible, searchable format. As argued by Relator, it was not reasonable to expect that Relator could have done anything productive with 14,000 pages of unorganized data that cannot be easily manipulated or analyzed in a little less than two months (fact discovery closed in June) (ECF 121). Considering this back and forth between the parties, the court agrees and finds that Realtor has met the good cause standard. The court therefore GRANTS the Motion for Extension (ECF 125).

      b. **Motion to Compel**

The court now turns to Relator's Motion to Compel. The Motion to Compel states that RFP Nos. 3–6 in Exhibit 1 of the Motion and Nos. 32–33 in Exhibit 2 of the Motion are in dispute (ECF 132 at 3). However, at the Hearing Relator proffered that the RFP that really mattered was RFP No. 32 (ECF 132-2 at 8). Given the confusion with some of the arguments at the Hearing, the court asked the parties to provide a binder containing all "meet and confer correspondences, requests for production, and objections and responses" the parties found relevant in resolving the present dispute (ECF 146). The parties did so. Relator's binder specified that they had highlighted sections they found relevant in resolving these disputes. In Relator's materials, RFP Nos. 31 and 33 were highlighted (ECF 132-2 at 7, 10). The court therefore focuses it analysis on both of these RFPs.

RFP No. 31 reads as follows: "Produce any report prepared by the discovery vendor described in the Curley Email of July 22, 2022" (ECF 132-2 at 7). The court notes that Relator's

materials did not contain any correspondence dated July 22, 2022. But looking at the materials delivered by Defendants, there are correspondences dated July 20 and July 22, 2022 (ECF 151-1 at 364, 371). The correspondence from July 22 does not mention any vendors or reports, but the correspondence from July 20 does. The July 20 correspondence states that counsel for Defendants had "completed the process of formally acquiring the data stored on the cellular phones and personal email account used by the" Defendants and mentions that this was done by a "3rd party vendor, who is nationally recognized computed forensics and electronic discovery firm" (*id.* at 346). Defendants argue they produced what was relevant and no further productions should be necessary. The court disagrees and orders the report be produced in a searchable, native format as limited by the court below.

  RFP No. 33 reads as follows:

> With respect to each surgery in which you performed general anesthesia services since August 1, 2010, produce all electronically stored information, including any emails, data, and activity logs collected by the discovery vendor described in the Curley Email of July 22, 2022 relating to your activities during the anesthesia service for that surgery. This request seeks information only for surgeries for patients who were beneficiaries of a federal healthcare program (i.e., Medicare, Medicaid, Indian Health Services, or TRICARE).

(ECF 132-2 at 10). Again, because the July 22, 2022 email does not mention a vendor, but the July 20, 2022 correspondence does, the court refers to the July 20 correspondence.

  The court finds that the requested information in RFP Nos. 31 and 33 is relevant and proportional, with certain exceptions. Despite Defendants' objections, the surviving claims hinge

on the allegations that Defendants billed for time in which they were supposed to be monitoring patients but were using PEDs instead. Relevant to this request is the data of the PED activity while Defendants were allegedly not monitoring patients. At the Hearing, counsel for Defendants admitted that the produced data was not provided in an electronic, searchable format, rather physical pages, and that the stated documents that were produced were in accordance with what Defendants felt was relevant based on the claim. Relator explained that they had only received text message data in this form, but that he still needed email, social media, and traditional media applications data and that the data was needed in native format.

The court agrees that this data is necessary in native, searchable format to advance the case. However, the court also limits RFP No. 33 in terms of the number of years and the court orders that the data that is to be produced be limited to the same timeline as this court's ruling at the hearing held on October 5, 2022, regarding the patient billing records for general anesthesia services (ECF 113). The PED data to be produced shall only date back to 2016.

During the Hearing, two other issues related to this Motion were raised by Defendants: the costs for producing this additional data, and the need to keep certain information from the data private. Defendants raised several times that they should not bear the costs for producing the disputed PED data given their belief on the dispositive nature of their Rule 30(b)(6) deponent's testimony. Although the court recognizes that certain additional costs may arise from having to produce this data, those costs were not supported by Defendants and without any more information on how costly this additional production of data is going to be, the court does not consider this argument further. *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005) (stating that the party asserting an objection to production of document on burdensome grounds generally must show that the expense is unreasonable, and proof of the time or expense involved). As to the

second point, the court agrees that the content of the communications on the PED data is not relevant to the claim. The court therefore orders Defendants to produce activity logs of applications and/or times of sent messages. The content of the emails/communications is not relevant or proportional. Any other confidentiality concerns can be dealt with the protective order in place.

The court next addresses the arguments raised by Defendants in their Opposition. Defendants argue that the Motion to Compel is untimely because it was filed "***after*** fact discovery closed" (ECF 136 at 2). Fact discovery closed on June 15, 2023 (ECF 121 at 2), and the Motion to Compel was filed June 23, 2023 (ECF 132). Defendants also cite to *Nelson v. Beuchler*, No. 2:18-CV-00189, 2020 WL 9809993, at *2 (D. Utah June 16, 2020) in support of their argument.

Although the court in *Nelson* denied a motion to compel filed after the close of fact discovery, there is no "hard-and-fast rule" preventing parties from filing motions after the close of fact discovery. *Johnson v. Sector 10, et al.*, No. 2:10-CV-00092-DAK, 2013 WL 4456636, at *3 (D. Utah Aug. 16, 2013). As such, *Nelson* alone does not support the court automatically denying the Motion to Compel simply because it was filed after the close of fact discovery. Instead, the moving party must provide an "acceptable explanation for the motion's tardiness." *Nelson*, 2020 WL 9809993, at *2 (quoting *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Relator has met that burden here.

The close of fact discovery here was on June 15, 2023 (ECF 121 at 2). The Motion to Compel was filed on June 23, 2023 (ECF 132). These dates are important because Relator filed the Motion to Compel only a little over a week after the close of fact discovery, as opposed to three months like in *Nelson* case. 2020 WL 9809993, at *2. Also relevant, in *Nelson*, it took the plaintiff almost a year after the defendants served their responses to plaintiff's requests to file the motion, the court found that that plaintiff offered no reasonable explanation for the delay, and that the

9

reason for the delay "appear[ed] to be a failure to timely review Defendants' responses." 2020 WL 9809993, at *2, Here, as proffered at the Hearing, Defendants first objected to the discovery requests in September, and Plaintiff reached out regarding the objections in February. While there was a lapse of approximately five months by the Plaintiff, that is not as long as the year in *Nelson*. Although Relator could have filed his Motion at an earlier date, the court is satisfied by Relator's explanation that he waited to file the Motion pending various meet and confer efforts, the April production of PED data, and the Motion for Extension. Here, this is an "acceptable explanation for the motion's tardiness" in relation to the close of fact discovery. *Nelson*, 2020 WL 9809993, at *2 Accordingly, the court ORDERS the production of responsive documents by Defendants to Relator's RFPs Nos. 31 and 33 (ECF 132-2 at 7, 10) within twenty days of today's date. The parties are ordered to submit a third amended scheduling order within five days of the date of this Order.

## **ORDER**

The court previously warned the parties that failure to "make efforts to resolve disputes regarding reasonable, routine requests of this nature without court intervention" could result in sanctions (ECF 119 at 2). Although the court is not issuing sanctions at this time, given the conduct by both parties, the court reminds Defendants again they cannot simply choose to disengage in discovery because they believe they have evidence sufficient to overcome liability. The court reminds Plaintiff to move forward diligently with requests that are consistent with scope of discovery the court has already addressed (*see* ECF 115 at 3).

The court expects the parties to move diligently with discovery from here on. Having considered the Motions, the court hereby GRANTS the Motion for Extension and the Motion to Compel IN PART as addressed herein and ORDERS as follows:

1. Fact discovery is reopened for an additional six months from the date of this Order.

2. Defendants are to produce responsive documents to Relator's RFP Nos. 31 and 33 as limited and specified herein.

3. The parties are ORDERED to meet and confer and to file a proposed amended scheduling order consistent with this ruling within five (5) days of this order.

DATED this 6 December 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah