IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEVADA ex rel. MICHAEL D. KHOURY, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNTAIN WEST ANESTHESIA, L.L.C.; DAVID A. DEBENHAM, M.D.; ERIC A. EVANS, M.D.; JOSHUA J. LARSON, M.D.; JOHN E. MINER, M.D.; TYLER W. NELSON, M.D.; and DOE ANESTHESIOLOGISTS 1 through 50,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION ON RELATOR MICHAEL D. KHOURY M.D.'S REQUEST FOR RULE 56(d) RELIEF**<br><br>Case No. 2:20-cv-00372-TC-CMR<br><br>District Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Before the court is the Defendants' Motion for Summary Judgment (ECF No. 126). The court held a hearing on the motion November 29, 2022. In his response in opposition to the Defendants' motion, Relator Michael D. Khoury, M.D. seeks Rule 56(d) relief. (Response in Opp'n to Defs.' Mot. Summ. J., ECF No. 147 at 39, 49, 56.) Although Dr. Khoury has not filed a separate Rule 56(d) motion, as local rule DUCivR 7-1(a)(3) requires, the court considers Dr. Khoury's request for Rule 56(d) relief. Rejecting Dr. Khoury's request without considering it conflicts with the court's preference for resolving cases on the merits. For the reasons stated below, the court grants Dr. Khoury's request for Rule 56(d) relief.

## BACKGROUND

The factual and procedural background is more fully set out in the court's order on the Defendants' motion to dismiss. (ECF No. 89 at 2–7.) In short, Dr. Khoury brought this qui tam action on behalf of the United States alleging violations of the False Claims Act (31 U.S.C. § 3730(b)) and the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040). Dr. Khoury seeks to recover damages and civil penalties from the Defendants for false claims for reimbursement

that the Defendants submitted to federal healthcare programs over ten years.  Dr. Khoury alleges that the Defendants have improperly billed the government for anesthesia services by falsely representing that they were personally providing continuous, uninterrupted anesthesia care during surgeries, when instead the individual Defendants spent much of their operating room time on their personal electronic devices (PEDs).  Dr. Khoury further alleges that the individual Defendants' use of PEDs during surgery makes the medical services the Defendants billed not "reasonable and necessary."  42 U.S.C. § 1395y(a)(1)(A).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) allows "a court [to] provide relief to [a] non-moving party in a summary judgment motion who shows by affidavit or declaration that it cannot present facts essential to justify its opposition to the motion."  Wilcox v. Career Step, LLC, No. 2:08-cv-0998, 2012 WL 5997201, at *2 (D. Utah Nov. 30, 2012) (citation omitted).  If a nonmovant seeking Rule 56(d) relief shows that, "for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

The Tenth Circuit treats Rule 56(d) motions liberally.  Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993) (citation omitted).  But the party seeking Rule 56(d) relief must at least show: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [him] to obtain those facts and rebut the motion for summary judgment."  Crumpley v. Associated Wholesale Grocers, Inc., No. 16-cv-02298, 2017 WL

1364839, at *5 (D. Kan. Apr. 13, 2017).  The information sought must be relevant to the summary judgment motion, or no extension will be granted.  Id. at *6 (citation omitted).

## ANALYSIS

The court grants Dr. Khoury's request for Rule 56(d) relief.  Dr. Khoury has provided the court with declarations from his counsel showing that he is unable to present facts essential to justify his opposition to the Defendants' motion.  (Brandon J. Mark Rule 56(d) Decl., ECF No. 149-4, Robert A. Griffith Decl., ECF No. 149-3.)   Specifically, Dr. Khoury seeks PED data from the Defendants.  (Mot. to Compel PED Data, ECF No. 132.)

Dr. Khoury currently lacks PED data in a usable form.  First, the data is in the exclusive control of the Defendants.  (ECF No. 149-4 at ¶ 5.)  Second, though both parties' counsel mentioned at the hearing that the Defendants produced 14,000 pages of PED data in April 2023, Dr. Khoury is unable to use this data in a meaningful way.  The Defendants did not produce the documents in native format,[1] so Dr. Khoury is unable to search within the data. (ECF No. 125-3 at ¶¶ 10–11.)  Dr. Khoury further argues that the Defendants provided him with PED data that was missing relevant information.  (Id. ¶¶ 12–13.)

Dr. Khoury sought this information in discovery at numerous points.  (ECF No. 125-3 at ¶¶ 6–8.)  After the Defendants' April production, and around when fact discovery closed in June,

---

[1] Rather than produce documents like Excel spreadsheets "in the unprocessed 'as kept in the ordinary course of business' state[,]" the Defendants converted spreadsheets to sets of .tiff images before producing them to Dr. Khoury.  (Brandon J. Mark Decl. Supporting Dr. Khoury's Second Mot. to Extend Fact Discovery, ECF No. 125-3 at ¶¶ 10–11.)

3

Dr. Khoury filed his second motion to extend fact discovery (ECF No. 125) and his motion to compel the production of PED data (ECF No. 132).

Additional time will permit Dr. Khoury to obtain the information and try to rebut the Defendants' motion. Because the court granted Dr. Khoury's second motion to extend fact discovery and granted in part his motion to compel the PED data, Dr. Khoury will have additional time to receive the PED data and conduct meaningful discovery. (Order on Mot. to Compel & Second Mot. to Extend Fact Discovery, ECF No. 165 at 8 ("The court agrees that [the PED] data is necessary in native, searchable format to advance the case.").) Once he obtains the data, Dr. Khoury plans to begin scheduling depositions, during which he will use the data to guide his questioning of witnesses. (See generally ECF No. 149-4.) Using the PED data to question Dr. Raenn Capehart or another Centers for Medicare and Medicaid Services (CMS) representative in a deposition, for example, will allow Dr. Khoury to adequately respond to the Defendants' motion. The PED data Dr. Khoury seeks is therefore relevant to the Defendants' motion.

As the case stands, the Defendants rely strongly on the testimony from their deposition of Dr. Capehart to support their motion for summary judgment on materiality and falsity grounds. But this deposition is notably one sided. Indeed, "Dr. Khoury did not cross-examine Dr. Raenn Capehart during Defendants' deposition of her because, prior to the deposition, counsel for CMS agreed that Dr. Khoury would be able to separately depose a CMS representative under Rule 30(b)(6) following his receipt of PED data from Defendants." (ECF No. 149-4 at ¶ 8.) Dr. Khoury accordingly has not yet had the opportunity to question CMS on the Defendants' PED

use.  Before the court can adequately assess the Defendants' motion, Dr. Khoury must have that opportunity.

## CONCLUSION AND ORDER

In summary, Dr. Khoury has not had a meaningful chance to engage in discovery in this case without the PED data.  Because Dr. Khoury has met the Tenth Circuit's liberal Rule 56(d) standard, the court GRANTS his request for Rule 56(d) relief.  Judge Romero extended fact discovery six months.  (ECF No. 165 at 11.)  At this time, the court also DENIES the Defendants' motion for summary judgment (ECF No. 126) WITHOUT PREJUDICE, as granting it without giving Dr. Khoury the chance to conduct meaningful discovery would be premature.

DATED this 6th day of December, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge