**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF NEVADA *EX REL*. MICHAEL D. KHOURY, M.D.,<br><br>        Plaintiffs,<br><br>v.<br><br>MOUNTAIN WEST ANESTHESIA, L.L.C.; DAVID A. DEBENHAM, M.D.; ERIC A. EVAND, M.D.; JOSHUA J. LARSON, M.D.; JOHN E. MINER, M.D.; TYLER W. NELSON, M.D.; AND DOE ANESTHESIOLOGISTS 1 THROUGH 150,<br><br>        Defendants. | **MEMORANDUM AND DECISION ORDER GRANTING IN PART RELATOR'S [210] MOTION FOR AMENDED SCHEDULING ORDER; GRANTING [214] DEFENDANTS' MOTION FOR SHORT FORM DISCOVERY; AND DENYING RELATOR'S [215] & [216] MOTIONS FOR SHORT FORM DISCOVERY**<br><br>Case No. 2:20-cv-00372-TC-CMR<br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

## I.    BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 22). Before the court are four motions for which the court heard oral argument on May 21, 2024 (ECF 222). These motions are Plaintiff Relator Dr. Michael Khoury's (Relator) Motion for Amended Scheduling Order (ECF 210), Defendant Mountain West Anesthesia LLC's (MWA) Motion for Short Form Discovery for a protective order to stay a 30(b)(6) deposition of MWA (ECF 214), Relator's Motion for Short Form Discovery to compel the 30(b)(6) deposition of MWA (ECF 215), and Relator's Motion for Short Form Discovery to compel complete production of PED data from all Defendants (ECF 216). The court also considers the Responses to all four motions (ECF 212, 218, 219, 221), the Reply for the Motion for Amended Scheduling Order (ECF 213), and previous rulings and hearings on related issues (ECF 163, 165, 196 & 207). For the reasons stated in the record at the supplemental hearing on May 28, 2024 (ECF 223), the court GRANTS IN PART

1

Relator's Motion for Amended Scheduling Order (ECF 210), GRANTS MWA's Motion to stay the 30(b)(6) deposition (ECF 214), and DENIES Relator's motions to compel (ECF 215 & 216).

## II.    LEGAL STANDARDS

"Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ..'" *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, *1 (D. Utah May 8, 2017) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant' to a party's claim or defense." *Id.* (quoting *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)). However, "if the requested discovery is 'unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive,' the court is required to limit the frequency or extent of discovery." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)).

"'[A] person may seek a protective order by a showing of good cause pursuant to' Rule 26(c)." *Cloward v. Race*, No. 220CV00165RJSDBP, 2023 WL 4268944, at *4 (D. Utah June 29, 2023) (quoting *Denson v. Corp. of the President*, No. 2:18-cv-00284, 2018 WL 10247390 at *1, (D. Utah Dec. 4, 2018)). "This burden is 'not satisfied by conclusory statements. Rather, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury.'" *Id.* (quoting *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003)). Good cause for a protective order may be met when needed to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' by 'forbidding the disclosure or discovery . . ..'" Fed. R. Civ. P. 26(c)(1); *see also* DUCivR 26-2. "Barring extraordinary circumstances, courts will rarely grant a protective order that completely prohibits a deposition."

*Cloward*, 2023 WL 4268944, at *4 (quoting *Denson*, 2018 WL 10247390 at *1). Courts also have "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Id. (quoting Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 4642618, at *1 (D. Kan. Oct. 15, 2008)).

Under DUCivR 30-2, a 30(b)(6) "notice must not exceed 20 topics, including subparts." While DUCivR 30-2 does not define "topics, including subparts," the courts looks to Federal Rule of Civil Procedure 33 as a guide and the definition of subparts relating to a "common theme." *SMHG Phase I LLC v. Eisenberg*, No. 1:22-cv-00035-DBB-JCB, 2023 WL 2275182, at *1 (D. Utah Feb. 28, 2023) (quoting Charles A. Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2168.1 at 261 (3d ed. April 2022 update)). A 30(b)(6) deposition topic with subparts is considered a single topic when the subpart "elicit[s] details concerning a common theme." *Id.* While topics "inquiring into discrete areas [are] likely to" count as more than one. *Id.*

Finally, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## III.   DISCUSSION

### a.   The court grants the motion to stay the 30(b)(6) deposition on MWA and also finds that the served deposition notice exceeds the allowed number of topics.

MWA requests this court to stay Plaintiff's 30(b)(6) deposition of MWA (ECF 214), and Relator requests the court compel said deposition (ECF 215). The court GRANTS MWA's motion to stay and DENIES Relator's motion, for the reasons set forth below.

*1.   Relator's 30(b)(6) deposition would be unduly burdensome and costly at this time.*

At the hearing on May 21, 2024, the parties stated that the scheduled 30(b)(6) deposition of MWA was no longer taking place as scheduled on May 22, 2024. However, given Relator's

indication to reschedule MWA's 30(b)(6) deposition, the court find this issue is still live and will address the pending motions related to the deposition herein.

MWA argues this court should stay the 30(b)(6) deposition on it until after Relator deposes CMS because having to prepare for this 30(b)(6) deposition would be unduly burdensome and cause undue expense given the recent extensive data production and what MWA deems dispositive testimony from CMS (ECF 214 at 2), along with Relator's acknowledgment that if CMS does not change its testimony, the course of this litigation may change (ECF 163 54:13). In addition, MWA argues that the proposed deposition notice exceeds the local rule on topic limits (*id.*). Relator responds and argues the court has rejected past attempts to stay and/or limit any discovery until CMS has been deposed (ECF 215 at 2) and should continue to do so again and argues that the raised topics are either all part of the same "common theme," meritorious, or not burdensome (*id.* at 3).

While the court recognizes it has in the past denied requests to narrow or limit discovery, this matter is now at a different procedural posture. Specifically, Relator, on November 29, 2023, represented to the court that absent additional and different 30(b)(6) testimony from CMS, he "will almost certainly lose this case" (ECF 196 at 2). In that same hearing, Relator also noted that if CMS is presented with information on prolonged distractions and still indicate it would pay any claim, "then it's an entirely different case." (ECF 163:53:3-5). When questioned at the hearing on May 21, 2024, about these prior acknowledgments, Relator's counsel indicated that he did not think CMS' testimony was dispositive on all outstanding issues, but he nonetheless admitted that absent different testimony from CMS, he will be required to reassess this case.

The circumstances now present before the court are much different than when it issued its December 6, 2023 Order (ECF 165). Specifically, in December 2023, Relator did not have much

of the discovery it had previously requested, and Defendants had produced only 14,000 physical pages of data (ECF 165 at 6). This contrasts with the current production wherein 6,000 surgeries (ECF 212 at 2) have been identified, and more than 438,000 individual records from the Physician Defendants' various devices and accounts has been produced (ECF 212 at 6). Moreover, as of November 2023 and again at the recent hearing on May 21, 2024, Relator conceded the course of the litigation would need to be re-evaluated, depending on what CMS may testify to at a second deposition.

The court also considers the argument of MWA, at the hearing on May 21 that the produced PED data was not necessary to depose MWA, which begs the question of why this deposition was not scheduled much earlier within the last two years. This undermines any sense of urgency to depose MWA now.

### 2. The 30(b)(6) deposition notice also exceeds the allowed number of topics.

The court also finds that the proposed deposition topics exceed the allowed amount under DUCivR 30-2. Here, the relevant topics are Nos. 8, 9, 10, 14, and 17. Four of these topics (Nos. 8,9, 14, and 17) contain more than one inquired discrete area. For example, in Topic No. 8, even if policies, practice, and procedures are read to be part of the same "common theme," the rest of the topic covers discrete areas such as professional standards, personal anesthesiologist records, reimbursement processes, and compliance or incident matters. Similarly, Topic No. 9 would require inquiries into professional standards, personal anesthesiologist PED use, and billing policies. The same is true for Topic Nos.14 and for 17. In contrast, the court finds that Topic No. 10 contains subparts relating to a common theme as it requests the same contractual and financial information despite it coming from different entities. Unlike the other topics that seek information from different topics and processes, Topic No. 10 seeks information concerning the same financial

information albeit from different parties. However, even if No. 10 is one single topic, the other four as interpreted by the court would put the 30(b)(6) deposition notice on MWA over the permitted amount. Accordingly, Relator will need to redraft its topic list, once the deposition is re-noticed, to be compliant under DUCivR 30-2.

For all these reasons, the court finds that it would be both unduly burdensome and costly for MWA to prepare for a 30(b)(6) deposition before the CMS deposition, and that the deposition notice exceeds the allowed amount. Given the recent production of relevant data in which over 400,000 records have now been produced, a Rule 30(b)(6) deposition of CMS by Relator is now feasible and must take place in an expeditious manner, prior to any deposition of MWA. This ruling does not prevent Relator from in the future, deposing MWA. Rather, this ruling acknowledges the undue burden and expense MWA would face if required to prepare for a 30(b)(6) deposition at this time, given Relator's concession that the CMS testimony is significant.

The court therefore GRANTS MWA's Motion for Short Form Discovery for a protective order to stay a 30(b)(6) deposition of MWA pending Relator's deposition of CMS (ECF 214) and therefore DENIES Relator's Motion for Short Form Discovery to compel the 30(b)(6) deposition of MWA (ECF 215).

**b. The court Denies Relator's motion to compel.**

Turning to Relator's motion to compel complete production of PED data (ECF 216), the court DENIES the motion. This motion seeks four different outstanding categories of information. First, Relator seeks "event logs" from laptop computers (ECF 216 at 3). At the May 21, 2024 hearing, Relator clarified at least three MacBooks and one Microsoft computer are at issue. As to the other three requests, Relator seeks the URLs of websites accessed by Defendants, along with the content of notes written by Defendants in their PEDs, and social media posts made by

Defendants all while providing anesthesia services. (ECF 216 at 3–4). Relator argues the court has ordered Defendants to produce this information, and that Defendants are seeking to exploit ambiguity in the undersigned's and Judge Campbell's previous rulings (*id.* at 4). Regarding the latter three requests, Defendants argue Relator could discover content as outlined by Judge Campbell's order only as to the allowed sample of 25 surgeries (*see* ECF 207 at 11). And that Relator has essentially received any relevant information he could receive from the sought after "event logs" from prior productions.

The court begins by addressing Relator's content request of the URLs, written notes, and social media posts. Contrary to Relator's argument, this court has not affirmatively ordered the content production of this information in its December 6, 2023 ruling (*see* ECF 165). In the December 6 ruling, the court ordered that the "requested information in RFP Nos. 31 and 33" was relevant and proportional with some exceptions (*id.* at 6). This court further held that "[t]he content of the emails/communications [was] not relevant or proportional," and that any other confidentiality concerns could be dealt with the standard protective order in place (*id.* at 9). RFP No. 31 requested Defendants to "produce any report prepared by the discovery vendor described in the Curley email of July 22, 2022" (*see* ECF 165 at 6). RFP No. 33 related to "any emails data, and activity logs collected by the discovery vendor" also described in the Curley email. Relevant here, the court ordered the data production of "text message . . ., email, social media, and traditional media applications data" in its native format" (*id.* at 8). The court did not understand the specific content at issue in the present motion to compel—accessed websites, written notes, and/or social media posts—to be explicitly requested in either RFPs No. 31 or 33, and this court has therefore made no such ruling to produce such records.

Regardless, Judge Campbell modified the December 2023 ruling to allow some content to be produced (*see* ECF 207). Judge Campbell found content of the communications of the PED data relevant (*id.* at 11), but also balanced the burden of producing the information, and held that "Defendants need not produce all content of the communications," but rather a sampling of 25 surgeries "'organized around particular anesthesia procedures'" (*id.*). Further specifying which content was to be produced, Judge Campbell stated "[t]he sampling can be 'of the content of chats, instant messages, emails, text messages, social media posts, and similar information" (*id.*). Accordingly, Relator's request for the content of the websites, written notes, and/or social media posts made by Defendants is confined to the sample of 25 surgeries ordered by Judge Campbell. The court therefore DENIES the request to have all of this content produced.

As to the computer logs, guided by Rule 26(b)(1) of the Federal Rules of Civil Procedure's relevancy and proportionality standards, the court finds that production of such information is not proportional, and questions anything other than marginal relevance of the information, especially when considered against all the information that has been produced. The burden to produce such information also outweighs its benefit. As explained at the May 21, 2024 hearing, these logs mostly relate to automatic and nonautomatic processes: for example, Relator explained the logs would note the time anyone logged into and out of a computer and which, if any, automatic or nonautomatic processes the computer ran.

The court recognizes, as detailed in the Declaration of Shaun Vodde (*see* ECF 221-1), that Defendants have produced data on PEDs for messages, call logs, emails, web history logs, application and activity logs, and also social media logs, which required a complex, time-consuming, and expensive process in which at least forty-three (43) TLS digital forensics or e-discovery specialties were involved. Mr. Vodde further explains, and the court finds persuasive,

that the computer logs generally only date back a few days and "do not include meaningful data reflecting user activity; instead, they reflect automated activity and processes that typically occur in the 'background' of the computer without input from the user" (ECF 221-1 at 5–6). The court also considers that, as explained by Mr. Vodde, the requested information encompasses approximately 728 megabytes and much of the logs "cannot be automatically parsed in a way that carves the date and time information contained within the logs in a manner that will produce a report," and/or contains information that is "not human readable in native format and would require substantial work to convert them to a human readable format." *Id*. And that it is estimated that at least 6,000 hours of review time would be needed to produce the requested information. *Id*. The production of these computer event logs is therefore not proportional, especially against the marginal relevance of such information, the other information that has been produced and the burden of production on Defendants. The court therefore DENIES Relator's Motion for Short Form Discovery to compel complete production of PED data from all Defendants (ECF 216) in its entirety.

### c.  The court grants in part Relator's motion for amended schedule.

Finally, turning to Relator's Motion to Amend the Scheduling Order (ECF 210), the court GRANTS the Motion in part, but with certain modifications.

As good cause here, Relator references the large sets of production made by Defendants, most recently as of the end of March 2024. Since this production, Relator has been working to thread the data points together to determine which 25 surgeries he will request Defendants to produce their content, consistent with Judge Campbell's order. Relator represented to this court that he could have his sample selected by the end of May. Given the production in March 2024 and the need for Relator to process the information and identify the outstanding information, the

court finds good cause to extend the discovery deadline but not for the duration Relator requests, which is too open ended. This matter is a 2020 case that must move forward. Relator is therefore ordered to identify the 25 surgeries by June 7, 2024.

At the hearing, Defendants stated they could not definitively say how long it would take for them to produce the requested content for the 25 surgeries. Defendants at one point said up to six months. While the court questions the need for six months to produce such information, the parties are ordered to meet and confer no later than June 14, 2024, to set a production deadline on the 25 surgeries, and discuss a scheduling order that anticipates the CMS deposition and all discovery deadlines. The parties are thereafter ordered to submit either a stipulated scheduling order by June 21, 2024, or their respective proposals recognizing the court's intention to expeditiously move this matter forward.

## IV.    ORDER

Accordingly, and for the reasons stated above, the court ORDERS as follows:

1.  The court GRANTS IN PART Relator's Motion for Amended Scheduling Order (ECF 210);

2.  The court GRANTS MWA's Motion for Short Form Discovery for a protective order to stay a 30(b)(6) deposition of MWA (ECF 214);

3.  The court DENIES Relator's Motions to Compel (ECF 215 & 216).

IT IS SO ORDERED.

DATED this 14 June 2024.


_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah