IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF NEVADA ex rel., MICHAEL D. KHOURY, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIN WEST ANESTHESIA, L.L.C.; DAVID A. DEBENHAM, M.D.; ERIC A. EVANS, M.D.; JOSHUA J. LARSON, M.D.; JOHN E. MINER, M.D.; TYLER W. NELSON, M.D.; and Doe Anesthesiologists 1 through 50, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER REGARDING:** <br> 1. **DEFENDANTS' MOTION REQUESTING A STAY OF THE 30(b)(6) DEPOSITION OF THE CENTERS FOR MEDICARE & MEDICAID SERVICES AND NORIDIAN HEALTHCARE SOLUTIONS, LLC [228];** <br> 2. **MOUNTAIN WEST ANESTHESIA, LLC'S (MWA) MOTION REQUESTING A STAY OF THE 30(b)(6) DEPOSITION OF MWA [240];** <br> 3. **DEFENDANTS' MOTION REQUESTING A STAY OF THE DEPOSITIONS OF THE FIVE PHYSICIAN DEFENDANTS [241];** <br> 4. **RELATOR'S MOTION TO EXTEND FACT DISCOVERY [244]; AND** <br> 5. **RELATOR'S MOTION TO COMPEL [247].** <br><br> Case No. 2:20-cv-00372-TC-CMR <br><br> Judge Tena Campbell <br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) (ECF 22). On November 22, 2024, the court heard oral argument (ECF 251) on five Motions: (1) Defendants MWA, David A. Debenham, Eric A. Evans, Joshua J. Larson, and Tyler W. Nelson's (collectively, Defendants) Motion requesting a stay of the 30(b)(6) deposition of the Centers for Medicare & Medicaid Services (CMS) and Noridian Healthcare Solutions, LLC

1

(Noridian) (ECF 228); (2) MWA's Motion requesting a stay of the 30(b)(6) deposition of MWA (ECF 240); (3) Defendants' Motion requesting a stay of the depositions of the five physician defendants, David A. Debenham, Eric A. Evans, Joshua J. Larson, John E. Miner, and Tyler W. Nelson (collectively, Physician Defendants) (ECF 241); (4) Michael D. Khoury's (Relator) Motion to extend Fact Discovery (ECF 244); and (5) Relator's Motion to compel (ECF 247). The court took the matter under advisement and now issues its ruling.

## I.   DISCUSSION

The court begins with Defendants' three motions for protective orders (ECF 228, 240 and 241). Federal Rule of Civil Procedure 26(c) indicates that "[a] person may seek a protective order by a showing of good cause." *Cloward v. Race*, No. 2:20-cv-00165-RJS-DBP, 2023 WL 4268944, at *4 (D. Utah June 29, 2023) (quoting *Denson v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 2:18-cv-00284, 2018 WL 10247390, at *2 (D. Utah Dec. 4, 2018)). A court may limit discovery for good cause where it is needed to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, "[b]arring extraordinary circumstances, courts will rarely grant a protective order that completely prohibits a deposition." *Cloward*, 2023 WL 4268944, at *4. With that standard in mind, the court addresses each of Defendants' Motions in turn.

**A. Defendants' Motion to Stay Relator's Rule 30(b)(6) Deposition of CMS (ECF 228)**

In their first Motion for a protective order (ECF 228), Defendants seek an order staying the second Rule 30(b)(6) deposition of CMS[1] on the basis that "Relator's topics are duplicative of topics previously noticed and on which the deponents previously testified" (*id.* at 2). Relator

---

[1] As the parties have indicated, Noridian is a contractor for CMS and the arguments related to their depositions are identical (*see* ECF 228 and 251). For simplicity, the court only refers to CMS throughout this ruling.

2

disputes that these topics are duplicative and argues the Motion should be denied because Defendants lack standing to challenge the CMS subpoena (ECF 229 at 2).

As a threshold matter, the court notes that even if standing was a bar to prevent Defendants from seeking a protective order, it remains "within the court's inherent authority to manage and limit discovery pursuant to Rule 26," *Route App, Inc. v. Heuberger*, No. 2:22-cv-00291-TS-JCB, 2024 WL 309748, at *4 n.37 (D. Utah Jan. 26, 2024), which includes the court's ability to limit discovery that is cumulative or duplicative, *see* Fed. R. Civ. P. 26(b)(2)(C). Earlier in these proceedings, Relator himself challenged the first deposition of CMS (ECF 122) and, at that time, no concerns were raised about standing, and the court addressed the merits of his motion (ECF 124 at 2). Furthermore, a party may lack standing to quash a subpoena but may still possess standing to move for a protective order, as Defendants have done here. *See e.g.*, *Gulf Coast Shippers Ltd. P'ship v. DHL Exp. (USA), Inc.*, No. 2:09-cv-221, 2011 WL 5102270, at *1 (D. Utah Oct. 26, 2011). Based on the case law and litigation history, the court finds it necessary and appropriate to consider the merits of Defendants' Motion.

Turning to the substance of Defendants' Motion, under Federal Rule of Civil Procedure 26(b)(2)(C), "the court must limit the frequency or extent of discovery" if it determines that "the discovery sought is unreasonably cumulative or duplicative." Moreover, "[a]bsent a showing of need or good cause, '[c]ourts generally disfavor repeat depositions.'" *Spencer v. Harley Davidson, Inc.*, No. 2:16-cv-00427-DBB-PMW, 2020 WL 2113527, at *1 (D. Utah May 4, 2020) (quoting *Luan v. Advanced Title Ins. Agency, L.C.*, No. 2:13-cv-00983, 2015 WL 4773075, at *2 (D. Utah Aug. 12, 2015)).

During the February 28, 2024, hearing held before Judge Campbell, Relator indicated that a second deposition of CMS would cover "non-duplicative" topics and with no repeat questions

as Relator has "no desire to retread the same ground and replow the same ground as the defendants" (ECF 208 at 7). The parties conveyed that the government would not oppose a second deposition of CMS, so long as it was not duplicative (*id.* at 7–9). The court then directed Relator to submit a copy of the email that Relator had received from the government on this point (ECF 204). Relator submitted the email, showing that the government would "not oppose" a second deposition of CMS, but requested "the topics be non-duplicative" and "limited in scope" (ECF 205-2 at 2). After receiving a copy of this email, the court indicated a second deposition of CMS could go forward and noted that because "[Relator] will have the context of [the personal electronic device (PED)] data, it is unlikely that the topics at the second deposition will be duplicative" (ECF 207 at 14). Despite Relator's representations, it is clear upon review of his notice that several topics for the second deposition of CMS are duplicative of those already covered (ECF 228-3 at 2–5). Relator justifies these duplications by arguing that his questioning will "materially change the underlying purposes, evidence, and premises for those topics" (ECF 229 at 2), and at the November 22 hearing, Relator indicated his questions would be the opposite of those previously asked (ECF 251). When the court asked if it would be prudent to have Relator reissue the notice to clarify that the topics were different, Relator resisted this proposal indicating it did not seem necessary.

In dealing with a similar request, this court found it appropriate to temper concerns "surrounding the cumulative nature of a second deposition by limiting the deposition itself to specific, discrete areas of inquiry not explored at the prior deposition." *Luan*, 2015 WL 4773075, at *3. The court finds this solution appropriate here, particularly where Relator does not disagree that the topics are duplicable (even if the way he asks the questions is distinguishable from earlier questioning), he has been a party to this dispute since its inception, and he was present during the first deposition, with an opportunity to question CMS at that time. While a party might be

4

"unhappy with the testimony" given during a deposition that does not change the fact that the topic at issue "was addressed." *See Kolkebeck v. Home Depot U.S.A., Inc.*, No. 2:14-cv-00514-CW-DBP, 2015 WL 6394508, at *2 (D. Utah Oct. 22, 2015).

Notwithstanding the court's decision to limit the deposition topics, the court further determines that Defendants have not demonstrated a sufficient basis to completely strike the second deposition, and they have not sufficiently detailed their reasoning to prevent Relator from addressing "Topics 12 and 15-18," (ECF 228 at 3 n.1). The court therefore declines Defendants' request to create further barriers or restrictions on the second CMS deposition.

For the aforementioned reasons, Defendants have demonstrated good cause to limit the deposition to non-duplicative topics. The court therefore GRANTS IN PART Defendants' Motion and ORDERS that Relator is limited to Topics 9, 10, 12, and 15-18.

### B. MWA's Motion to Stay Relator's Rule 30(b)(6) Deposition of MWA (ECF 240) and Defendants' Motion to Stay Relator's Depositions of Physician Defendants (ECF 241)

The next two Motions filed by Defendants request the court order that the deposition of MWA and the Physician Defendants take place after the second CMS deposition (ECF 240 and 241). In general, it is the parties that decide the timing of depositions, as "[n]othing in the Federal Rules dictates the order of depositions." *Willmore v. Savvas Learning Co. LLC*, No. 22-2352-TC-ADM, 2024 WL 3756277, at *24 (D. Kan. Aug. 12, 2024). Instead, the court typically encourages parties "to set a mutually agreeable date, time, and place." *See Trinkl v. Aldous & Assocs.*, No. 2:23-cv-00938, 2024 WL 4593736, at *2 (D. Utah Oct. 28, 2024). But, in this matter, the court has already found it appropriate to require that certain depositions take place in a certain order. In a previous ruling, the court ordered a stay of "a 30(b)(6) deposition of MWA pending Relator's deposition of CMS" (ECF 226 at 6). The court partially based its ruling on the statements of Relator's counsel that he might need to "reassess" or "re-evaluate[]" the course of the litigation

based on what might occur during the second CMS deposition (*id.* at 4). Ultimately, the court determined it would be "unduly burdensome" and cause "undue expense" to have MWA's deposition take place before the second CMS deposition (*id.*).

The court determines that the reasoning set forth in its earlier ruling still applies to the present situation and reaffirms its decision to stay the MWA deposition until after the second CMS deposition. However, the court wants to make clear that it is not deciding whether Relator's case will need to be reassessed in any particular way following the CMS deposition and is not ruling on the merits of Relator's claims. Instead, the court is only determining that good cause has been shown to stay the deposition of MWA until after the CMS deposition.

As for the request to stay the depositions of the Physician Defendants (ECF 241), at the November 22 hearing, Relator indicated that his objection to staying these depositions was solely related to practicality and concerns over the busy schedules of the Physician Defendants (ECF 251). Considering the importance that Relator has placed on the second CMS deposition, and the information he believes will be uncovered, the court finds at this point it would be efficient and prudent to also stay the depositions of the Physician Defendants until after the second CMS deposition. Again, the court is not stating whether the necessity of deposing the Physician Defendants might change after the CMS deposition, the court is only determining that good cause has been shown to postpone the depositions to avoid the possibility of re-deposing these Defendants at a later time.

Beyond requesting a stay, MWA also seeks a protective order because Relator's topics are overbroad (ECF 240 at 3). According to MWA, Relator seeks information dating back to 2010, despite previous court rulings limiting the discovery to a period beginning in 2016 (*id.*). In response, Relator argues that there has never been a global ruling precluding discovery earlier than

6

2016 (*see* ECF 251 and 242). On this point, the court notes that on October 5, 2022, it granted Relator's request for the production of billing records but narrowed the request to only date back to 2016 (ECF 113), and in December 2023, the court ordered that the PED data, which had not yet been produced, would be limited to information dating back to 2016 (ECF 165 at 8). While the court agrees there has never been a global ruling, in accordance with its earlier rulings, the court finds that Relator's topics should be limited to information dating back to 2016 as that is relevant and proportional (*see* ECF 113 and 165 at 7–9).

MWA further argues that the topics noticed by Relator are irrelevant as they "seek information about any and all 'professional standards' that apply to anesthesiology," and MWA states that the only conduct at issue is related to PED distractions (ECF 240 at 3). MWA's assertions on this point are not properly supported and the court notes it has never ordered that discovery issues be limited to PED distractions. The court therefore declines to further limit Relator's topics.

Based on the foregoing, the court GRANTS IN PART MWA's Motion to stay its Rule 30(b)(6) deposition (ECF 240) and GRANTS Defendants' Motion to stay the Physician Defendants' depositions (ECF 241). The court HEREBY ORDERS that the depositions of MWA and the Physician Defendants are stayed until after the second CMS deposition. Furthermore, Relator's deposition of MWA is limited in time to a period beginning in 2016.

### C. Relator's Fourth Motion to Extend Fact Discovery (ECF 244)

Turning to Relator's Motions, the first request is to extend fact discovery (ECF 244). Under Federal Rule of Civil Procedure 6(b)(1)(A), when a motion to extend is made before the current deadline expires, a court may grant the extension upon a showing of good cause. "To meet the showing of good cause, the moving party must 'show that it has been diligent in attempting to

meet the deadlines, which means it must provide an adequate explanation for any delay.'" *100 Mount Holly Bypass v. Axos Bank*, No. 2:20-cv-00856-TS-CMR, 2023 WL 3007940, at *2 (D. Utah Apr. 19, 2023) (quoting *Emuveyan v. Ewing*, No. 2:19-cv-00616, 2022 WL 464306, at *1 (D. Utah Feb. 15, 2022)). Moreover, "[t]he Tenth Circuit has explained that good cause 'comes into play in situations in which there is no fault—excusable or otherwise,' such as by a cause outside the movant's control and where a deadline cannot be met despite the movant's diligent efforts." *100 Mount Holly Bypass*, 2023 WL 3007940, at *2 (quoting *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017)).

Defendants opposed Relator's Motion to extend discovery, arguing that he has not demonstrated good cause (ECF 246 at 6). Specifically, Defendants believe that Relator's inability to complete discovery within the allotted time period is part of his own "deliberate strategy" and any delay was caused by Relator's decision-making (*id.* at 6–10). The court disagrees. Upon review of the pending Motions, along with the history of this litigation, the court is persuaded that Relator has taken measures to schedule his depositions prior to the expiration of the discovery deadline and made efforts not to cause unnecessary delay (ECF 244 at 4). But, due to the filing of Defendants' motions for protective orders, those depositions could not take place as planned, and Relator was further unable to complete those depositions before the close of fact discovery, which was November 1, 2024 (ECF 227). The court finds that Relator made diligent efforts to comply with the deadlines and has demonstrated good cause to extend fact discovery.

Relator requests that discovery be extended an additional forty-five days following whenever the deposition of CMS takes place (ECF 244 at 2). This request however is vague and could unnecessarily prolong discovery. The court also recognizes that with the upcoming holidays, it might be difficult to get the notices out and have the depositions take place in the next forty-five

8

days. The court therefore finds it necessary to give Relator approximately sixty days to complete discovery.

Relator's Motion to extend fact discovery is therefore GRANTED IN PART. The court ORDERS that fact discovery is extended until January 24, 2025, and the parties are ordered to work together to complete the remaining depositions within that time.

### D. Relator's Motion to Compel (ECF 247)

Finally, the court turns to Relator's Motion to compel Defendant MWA to respond to Relator's first set of interrogatories (ECF 247), which were issued on September 13, 2024. Discovery, in general, is governed by Federal Rule of Civil Procedure 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relator moves to compel summary information on two interrogatories under Rule 37, which allows a party who has attempted in good faith to confer with the opposing party about the relevant discovery to request an order from the court compelling such discovery. *Id.* R. 37(a)(1). "Although Rule 37 does not specify any time limit within which a motion to compel must be brought, a party seeking to compel discovery must do so in a timely manner." *Pingree v. Univ. of Utah*, No. 2:20-cv-00724-JNP-CMR, 2024 WL 2847944, at *2 (D. Utah June 5, 2024). To that end, the Tenth Circuit has indicated that district courts are afforded "'broad discretion' to determine the timeliness of a motion to compel, and they '[ordinarily], . . . defer to the discretion of the district court in deciding whether a motion is too tardy to be considered.'" *Id.* (quoting *King v. Cellco Partnership*, No. 2:20-cv-00775-JNP-JCB, 2023 WL 1993875, at *4 (D. Utah Feb. 14, 2023)).

Relator indicates that the two interrogatories in question are narrowly tailored and seek summary information about the "managed Medicare and Medicaid claims" (ECF 247 at 3)

(described by Defendants as Medicare Part C and managed Medicaid plans (ECF 248 at 2)), including the total number of claims and amounts Defendants have been paid (ECF 247-1). According to Defendants however the information requested by Relator is not relevant to the claims at issue as only Medicare Part B is at issue (ECF 248 at 2). Even the government has indicated "that Medicare Part B is 'the express and only subject of this lawsuit'" (ECF 232-1). This position is consistent with the court's earlier determination that "the only surviving false claims theory is that [Defendants] submitted claims that were not 'reasonable and necessary' under 42 U.S.C. § 1395y(a)(1)(A)", (ECF 89 at 22), and that statute only pertains to Medicare Part B.[2]

Relator resists this conclusion, claiming during oral argument that his pleadings include claims related to Medicaid and Medicare Parts B and C, and further arguing that the relevant statute is broader than Defendants aver it to be (ECF 251). Even if this were true, the court is not persuaded that Relator could not have discovered that this information was not included in the discovery before August 2024, which is when Relator indicates he first became aware that the information had not been produced (ECF 247 at 3). Regardless of Relator's position on this point, the court notes that the claims data was provided to him almost two years ago (ECF 248 at 2). And the parties agree that the data production did not include information related to the Medicare and Medicaid claims at issue in the present Motion (*id.*). Following that production, the parties engaged in various communications about the data and Relator never asked Defendants about the managed Medicare and Medicaid claims data (*id.*). Such follow up inquiry was not made until August of 2024. The court finds it significant that August of 2024 was also the first time Relator produced information he had on this category of information (*id.*). Relator could have, at any time, followed

---

[2] Defendants clarified the statute also refers to Part A but "[a]ll agree Part A is not relevant" (ECF 248 at 2).

up on the discovery, yet he waited until the eve of the close of fact discovery to file his motion to compel, rendering his request untimely. *See OL Priv. Couns., LLC v. Olson*, No. 2:21-cv-00455, 2024 WL 3900103, at *2 (D. Utah Aug. 20, 2024) (denying a motion to compel because it was untimely where the moving party "fail[ed] to adequately address its delays or to explain why it waited until the final day of fact discovery to bring its motion"); *see also Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 WL 3021842, at *6 (N.D. Ill. Dec. 30, 2004) ("Where a party has waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion."). If the court were to grant the Motion, it would only prolong the litigation and cause undue burden to Defendants.

For those reasons, the court agrees with Defendants that the information sought is not relevant and, even if it were, Relator's request is untimely and renders the request unreasonable. The court therefore DENIES Relator's Motion to compel (ECF 247).

## II.     CONCLUSION & ORDER

For the foregoing reasons, the court concludes, and orders as follows:

1. Defendants' Motion requesting a stay of the 30(b)(6) deposition of CMS and Noridian (ECF 228) is GRANTED IN PART, and it is HEREBY ORDERED that Relator is limited to Topics 9, 10, 12, and 15–18;

2. MWA's Motion to stay its deposition (ECF 240) is GRANTED IN PART, and it is HEREBY ORDERED that the deposition of MWA is stayed until after the second CMS deposition and Relator's deposition of MWA is limited to a period beginning in 2016;

3. Defendants' Motion to stay the Physician Defendants deposition (ECF 241) is GRANTED, and it is HEREBY ORDERED that the depositions of the Physician Defendants are stayed until after the second CMS deposition;

4. Relator's Motion to extend fact discovery (ECF 244) is GRANTED IN PART, and it is HEREBY ORDERED that fact discovery is extended until January 24, 2025; and

5. Relator's Motion to compel (ECF 247) is DENIED.

IT IS SO ORDERED.

DATED this 26 day of November 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah