FELICE JOHN VITI, Acting United States Attorney (7007)
JOEL A. FERRE, Assistant United States Attorney (7517)
Office of the United States Attorney
111 Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 325-3317
joel.ferre@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, MICHAEL D. KHOURY, <br><br> Plaintiffs, <br> v. <br><br> INTERMOUNTAIN HEALTHCARE, INC. d/b/a INTERMOUNTAIN HEALTHCARE, *et al.*, <br><br> Defendants. | **UNITED STATES' UNOPPOSED MOTION TO INTERVENE AND DISMISS** <br> **[ECF NO. 307]** <br><br> Case No. 2:20-cv-00372-TC-CMR <br><br> Judge Tena Campbell <br> Magistrate Judge Cecilia M. Romero |

Pursuant to 31 U.S.C. § 3730(c)(2)(A) of the False Claims Act and Rule 41(a)(2) of the Federal Rules of Civil Procedure, the United States moves to intervene for good cause in this action brought under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733, for the purpose of dismissal. The United States believes that continued litigation of this action would not serve the Government's interests and respectfully moves to dismiss this case with prejudice to Relator and without prejudice to the United States. The United States has conferred with Relator and Defendants, and neither opposes the motion.

On June 16, 2020, Relator filed this *qui tam* action against Mountain West Anesthesia ("MWA"), a Salt Lake City-based anesthesiology practice, alleging that MWA anesthesiologists

used personal electronic devices to attend to personal matters while providing general anesthesia services to patients in the operating room and that the anesthesiology services therefore did not meet the accepted standards of medical practice and were not "reasonable and necessary." *See* 42 U.S.C. § 1395y(a)(1)(A). The United States investigated Relator's allegations and declined to intervene. Dkt. 19. Relator pursued litigation following the government's declination. Dkt. 52.

The United States now moves to dismiss this action pursuant to Section 3730(c)(2)(A), which permits the United States to "dismiss the action notwithstanding the objections of the person initiating the action," if that person "has received notice of the motion and an opportunity for a hearing." 31 U.S.C. 3730(c)(2)(A); *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 426 (2023). To dismiss a *qui tam* action in which the United States initially declined to intervene, the United States must first intervene for "good cause" under Section 3730(c)(3). *Id*. 425-426. The Court then evaluates the government's request for dismissal under Fed. R. Civ. P. 41(a). *Polansky*, 599 U.S. at 436. In practice, "the same grounds that support dismissal also provide good cause to intervene," *United States ex rel. Carver v. Physicians Pain Specialists of Ala., P.C.*, 2023 WL 4853328, at *6 (11th Cir. July 31, 2023), so the singular applicable standard here is set out in Federal Rule 41.

Because MWA has filed an answer, Fed. R. Civ. P. 41(a)(2) provides that dismissal may be granted "on terms the court considers proper." However, in the context of Section 3730(c)(2)(A), application of Rule 41 "will differ in two ways from the norm." *Polansky*, 599 U.S. at 436-437. First, the court should assess whether the relator has had the "opportunity for a hearing on the motion" required by Section 3730(c)(2)(A). *Id.* Second, the court should consider the relator's interests in determining whether dismissal is proper, while recognizing that "the Government's views are entitled to substantial deference." *Id.* at 437-438.

In this case, the United States has determined that continued litigation of this *qui tam* action is not in the government's interests. The United States has notified Relator of its intent to file this motion and the basis for the motion, and Relator does not object to the motion or the relief sought. Defendants also do not oppose dismissal. Accordingly, good cause exists for the United States to intervene in this *qui tam* action under Section 3730(c)(3) and to dismiss this action under Section 3730(c)(2)(A). The United States requests that the Court enter the attached Proposed Order dismissing this *qui tam* action with prejudice as to Relator and without prejudice as to the United States.

Dated: September 29, 2025

Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General
BRENNA JENNY
Deputy Assistant Attorney General

FELICE JOHN VITI
Acting United States Attorney

*/s/ Joel A. Ferre*
JOEL A. FERRE
Assistant United States Attorney

JAMIE A. YAVELBERG
EDWARD C. CROOKE
SARAH A. HILL
Attorneys, Civil Division,
Commercial Litigation Branch
U.S. Department of Justice
Post Office Box 261
Washington, D.C. 20044
(202) 353-1079

*Counsel for the United States of America*